RECEIVED
JAN 14 2022
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:22-CV-00025-M

Theodore Justice,

    Plaintiff,

v.

North Carolina Department Health
and Human Services Secretary,
Granville County Board of Commissioners
and Social Worker Denice Nelson

    Defendants.

**COMPLAINT**

Plaintiff is a resident of Manson, North Carolina. In the instant complaint filed pro se, plaintiff challenges decisions about his eligibility for certain benefits under the Food Stamp and Food Distribution Program. Specifically, plaintiff claims that he has been deprived of "medical travel expense reductions," to which he is "entitled" under the Supplemental Nutrition Assistance Program ("SNAP"). See Compl. at 4. Administration of the food stamp program is delegated to state agencies, 7 U.S.C. § 2020, which are responsible for "maintain[ing] a system .

. . for handling program complaints filed by participants, potential participants, or other concerned individuals or groups." 7 C.F.R. § 271.6(a). The SNAP Act creates "a privately enforceable right of action" against the state agency under 42 U.S.C. § 1983. Barry v. Lyon, 834 F.3d 706, 717 (6th Cir. 2016) (analyzing 7 U.S.C. §§ 2014(a), 2020(e)(10)). Because the appropriate state agency is in North Carolina, this venue is proper. See 28 U.S.C. §

1391(b)(l) (designating the proper venue under the present circumstances as the judicial district where a substantial part of the events occurred).

## I. PRELIMINARY STATEMENT

1. The named plaintiff is entitled to participate and receive benefits from the Supplemental Nutrition Assistance Program (SNAP), commonly known as food stamps, from the North Carolina Department of Human Services ("DHS" or "the Department"). Plaintiff suffers undue hardship ,the ongoing and persistent failure or refusal of the defendants DHS Secretary and Granville County Board of Commissioners to ensure the processing of his food stamp application as mandated by law, has resulted and continues to result in the ongoing denial of food stamp benefits to this household critically need of this assistance to help feed his family.

2. Plaintiff is entitled or has a legal right and expectation to federal statues for deductions authorized within 7 CFR §273.9 (d)(3)(i),(ii),(iii)(ix) and excess medical expenses calculated as a household as defined 7 CFR§ 273.1(b)(ii) . These recommended services by a licensed health care provider authorized USDA December 21, 2015 memo Deductible Excess medical Expenses prescriptions 2nd paragraph. IRS publication 502 2015 (What Are Medical Expenses) 7 CFR §273.9 ix (reasonable cost ) .North Carolina Integrated Eligibility Manual 4080.14 and letter to Defendants dated April 25 2016 Medical Expenses household Receives Medicaid based on disability). Therefore deductions for medical expense should be allowed due to Dr. Baum's and Mrs.. Mooney's recommendations including travel expenses, uniforms, book fees has been allowed in the past. (references 7 U.S. Code § 2012, 7 C.F.R. §271.2)

3. Accordingly, plaintiff brings this action on behalf of himself to challenge the defendant's policies and practices of failing or refusing to process his food stamp application for excess medical deductions and household concept timely basis to eligible applicants, in violation of Congressionally enacted food stamp statutes and federal regulations promulgated pursuant to those statutes by the federal Food and Nutrition Service (FNS) of the U.S. Department of Agriculture Section 3(c)(3)(8)(9) of the Food and Nutrition Act of 2008,[ 7 U.S. Code § 2012(c)].

4. Plaintiff seeks declaratory, as well as preliminary and permanent injunctive relief to enjoin the defendant, in his official capacity as Department Health and Human Services Secretary and Granville County Board of Commissioners, from failing or refusing to process applications for failing or refusing, to process excess medical deductions 7 CFR §273.9 (d)(3)(i).(ii),(iii)(ix) and regard the definition for the household 7 CFR 273.1(b)(1)(ii) but do not apply excess medical deductions for the household as a whole in violation of federal law so as plaintiff would not receive those benefits.

## II. JURISDICTION

5. The Court's subject matter jurisdiction over this action is conferred by 28 U.S.C.§1331 and 28 U.S. Code § 1391(c).

6. Declaratory relief is authorized by 28 U.S.C.§§ 2201(a) and 2202, and by Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

7. This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of the plaintiffs' federal statutory and regulatory rights.

### III. PARTIES

8. Plaintiff THEODORE JUSTICE resides in North Carolina.

9. Defendant NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN RESOURCES SECRETARY. The Department is authorized to establish a statewide food and nutrition services program as authorized by the Congress of the United States. The Department of Health and Human Services is designated as the State agency responsible for the supervision of the food and nutrition services program (N.C.G.S. § 108A-51) and mailing address 2001 Mail Service Center Raleigh, NC 27699-2001

10. Defendant THE BOARDS OF COUNTY COMMISSIONERS The boards of county commissioners through the county departments of social NC General Statutes - Chapter 108A 45 services are held responsible for the administration and operation of the food and nutrition services program, in compliance with the federal Food Stamp Program. North Carolina. Gen. Stat. § 108A-51 mailing address is 141 Williamsboro Street, P.O. Box 906 Oxford, NC 27565.

11. Defendant SOCIAL WORKER DENICE NELSON of the Granville County Department of Social Services through the county departments of social NC General Statutes - Chapter 108A 45 services is held responsible for the processing application and implementing of the food and nutrition services program, in compliance with the federal Food Stamp Program. North Carolina. Gen. Stat. § 108A-51 mailing address is 410 W Spring St, Oxford, NC 27565.

## V. STATUTORY AND REGULATORY SCHEME

### A. Food Stamp Program Purpose and Administration

12. Congress established the federally funded, state-administered Food Stamp Program in 1964, to "safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households." Pub. L. No. 88-525, § 2, 78 Stat. 703 (codified at 7 U.S.C. § 2011). In order to "alleviate . . . hunger and malnutrition," Congress enacted the Food Stamp Program to "permit low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible households who apply for participation." *Id*.; 7 C.F.R. § 271.1. Effective October 1, 2008, the federal Food Stamp Program was renamed Supplemental Nutrition Assistance Program (SNAP) and the federal Food Stamp Act was renamed the Food and Nutrition Act of 2008. Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, §§ 4001 and 4002, 122 Stat. 1651, 1853-1860.

13. In North Carolina, Supplemental Nutrition Assistance Program benefits are commonly known as food stamps.

14. The federal government provides complete funding to the states for all benefits under the Food Stamp Program, and at least 50% of the states' administrative costs involved in their operation of the program. 7 U.S.C. §§ 2013(a), 2019, 2025(a); 7 C.F.R. §§ 277.1(b), 277.4.

15. Each state must designate a single state agency responsible for administering the Food Stamp Program and complying with federal food stamp statutory and regulatory requirements. 7 U.S.C. § 2020(a), (d), and (e); 7 C.F.R. §§ 271.4(a), 277.4. The state agency's responsibilities include

the certification of eligible applicant households and the issuance of food stamp benefits to those households.   7 U.S.C. § 2020(a)(1), (e).

16. North Carolina participates in the Food Stamp Program. The Department of Health and Human Resources and The Board of Commissioners state agencies for responsible for the supervision of the food and nutrition services program administering the Food Stamp Program in North Carolina, and in compliance with federal statutes and implementing respectively. FNS regulations. N. C. Gen. Stat. §§ 108A 45; 108A51.

B. <u>Food Stamp Program Requirements Regarding Application Processing Excess Medical Expenses Calculated as a Household as defined CFR§ 273.1(b)(ii).</u>

17. Excess medical expense deduction A household containing an elderly or disabled member shall be entitled, with respect to expenses other than expenses paid on behalf of the household by a third party, to an excess medical expense deduction for the portion of the actual costs of allowable medical expenses, incurred by the elderly or disabled member, exclusive of special diets, that exceeds $35 per month. 7 U.S. Code § 2014 (5)(a)(b).

18. The Food Stamp Act and implementing FNS regulations require DHS, as administered by the defendants, to process food stamp applications including the benefit of excess medical deductions 7 CFR §273.9 (d)(3)(i).(ii),(iii)(ix) and excess medical expenses calculated as a household as defined CFR§ 273.1(b)(ii) .USDA December 21, 2015 memo Deductible Excess medical Expenses prescriptions 2nd paragraph, IRS publication 502 2015 what are medical expenses 7 CFR §273.9 ix reasonable cost North Carolina Integrated Eligibility Manual 4080.14 and letter to defendant dated April 25 2016   Medical Expenses a member of the household is a recipient with a disability.

19. The Food Stamp Act and implementing FNS regulations 7 CFR §273.9 (d)(3)(i).(ii),(iii)(ix) allows households to deduct unreimbursed medical expenses over $35 per month from their income in calculating their net income for SNAP purposes to more realistically reflect the income they have available to purchase food. This, in turn, could potentially qualify plaintiff a higher SNAP benefits which was realized, but rejected by defendants SNAP recertification of 2017 which resulted in severe deduction from 158.00 to 15.00 in addition repayment of overpayment 994.00 thereby caused a greater burden to provide food for the household or otherwise decreasing food purchasing power for this eligible household. Disable member of the household is being transported five days a week outside the county to an adjoining county the past six years for recommend and prescribed treatment. [declaration of policy sec. 2. 7 U.S.C. 2011]

20. The burden to provide food is severely increased as resources are redirected and exhausted for medical expenses that defendants must cover. A member of the household due to disabilities and lack of adequate facilities within Granville County receives services in an adjoining county. The recommended treatment is prescribed or approved by a State-licensed or qualified practitioner (7 CFR §273.9 (d)(3)(i).(ii),(iii)(ix)). Therefore deductions for excess medical expense must be allowed due to Dr. Baum's and Mrs., Mooney's recommendations are approved by a State-licensed or qualified practitioner . (references 7 U.S. Code § 2012 (c)(8).

21. Plaintiff has no other remedy at law and is being irreparably injured by the defendant's actions of failing or refusing, in violation of federal law, federal statues for processing deductions authorized within 7 CFR §273.9 (d)(3)(i).(ii),(iii)(ix) and excess medical expenses calculated as a household as defined CFR§ 273.1(b)(ii) , despite his household being eligible for these benefits.

22. Plaintiff being irreparably injured by the defendant's actions of failing or refusing, to process excess medical deductions 7 CFR §273.9 (d)(3)(i).(ii),(iii)(ix) and regard the definition for the household 7 CFR 273.1(b)(1)(ii) but do not apply excess medical deductions for the household as a whole in violation of federal law. The excess medical deductions are only applied to one member of the household in disregard of recommendations approve by a State-licensed or qualified practitioner so as to deny the benefit of excess medical deductions.

## Vil. CLAIMS FOR RELIEF

### FIRST CLAIM: Food Stamp Application Failing or Refusing to process applications for failing to Process Excess Medical

23. Paragraphs 1 through 22 are incorporated by reference as if fully stated herein.

24. Defendant's ongoing and persistent policies and practices of failing or refusing to process plaintiff food stamp application for excess medical deductions so as plaintiff would not receive the food stamp benefit to increase his allotment as an eligible households violate the Food Stamp Act, 7 CFR §273.9 (d)(3)(i).(ii),(iii)(ix), and implementing regulations of the Food and Nutrition Service, U.S. Department of Agriculture. 7 C.F.R. § 273.2(f)(3(c)(iv), This violation of federal law is actionable pursuant to 42 U.S.C. §1983.

### SECOND CLAIM: Expedited Food Stamp Identify Household as a Whole

25. Paragraphs 1 through 22 are incorporated by reference as if fully stated herein.

26. Defendant's ongoing and persistent policies and practices of failing or refusing to identify process plaintiff food stamp application so as not to recognize plaintiff child as a member of the household so the plaintiff would not enjoy the benefits of the potentially qualifying the household a higher SNAP benefits which was permitted in the past, but recently rejected which violates the Food Stamp Act, 7 U.S.C. § 2012 (m)(1)(2), and implementing regulations of the Food and Nutrition Service, U.S. Department of Agriculture. 7 CFR§ 273.1(b)(ii) This violation of federal law is actionable pursuant to 42 U.S.C. § 1983.

## REQUESTS FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court:

A. Assume jurisdiction of this matter;

B. Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201 and Fed. R. Civ.P. 57, declaring that the defendant's policies and practices of failing or refusing to:

    i) process plaintiff food stamp application regarding for excess medical deductions so as plaintiff would not receive the food stamp benefit to increase his allotment as an eligible households violate the Food Stamp Act, 7 CFR §273.9 (d)(3)(i).(ii),(iii)(ix), and implementing regulations of the Food and Nutrition Service, U.S. Department of Agriculture. 7 C.F.R. § 273.2(f)(3(c)(iv), . as cited in the First Claim for Relief herein; and

    ii) identify process plaintiff food stamp application so as not to recognize plaintiff child as a member of the household so the plaintiff would not enjoy the benefits of the potentially qualifying the household a higher SNAP benefits which was permitted in the past, but recently rejected which violates the Food Stamp Act, 7 U.S.C. § 2012 (m)(1)(2), and implementing regulations of the Food and Nutrition Service, U.S. Department of Agriculture. 7 CFR§ 273.1(b)(ii).for Relief herein;

D. Enter preliminary and permanent injunctive relief, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, requiring defendant to:

    i) process plaintiff's application properly identify household and include excessive medical deductions mandated by the Federal Food Stamp Act and implementing regulations promulgated by the Food and Nutrition Service, U.S. Department of Agriculture; and

    ii) provide food stamps on an expedited basis to plaintiff statewide as frames mandated by the Federal Food Stamp Act and implementing regulations

promulgated by the Food and Nutrition Service, U.S. Department of Agriculture;

E. Award plaintiffs their costs and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 if attorney is assigned;

F. Award compensatory damages in the following amounts:
   1. $5,000 jointly and severally against all defendants for the unconstitutional deprivation of "medical travel expense reductions".

G. Award punitive damages in the amounts:
   1. $20,000.00 against each defendant.

H. Permit plaintiff an opportunity to correct deficiencies within this complaint; and

I. Order such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted

*Theodore Justice*

Theodore Justice
P.O. Box 253
Manson, NC 27553

January 6, 2022